UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 09-22204 – GRAHAM-TORRES

ROSA SANTIAGO,

    Plaintiff,

v.

LVNV FUNDING, LLC and
LAW OFFICES OF ERSKINE & FLEISHER

    Defendants.
_____/

### THE LAW OFFICES OF ERSKINE & FLEISHER'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES

NOW COMES DEFENDANT, LAW OFFICES OF ERSKINE & FLEISHER ("ERSKINE & FLEISHER"), in answer to Plaintiff, ROSA SANTIAGO's, First Amended Complaint, denies any liability to the Plaintiff and in support thereof responds to Plaintiff's allegations as follows:

### JURISDICTION AND VENUE

1.    ERSKINE & FLEISHER admits that Plaintiff has commenced this action against it, pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a *et seq.* and the Florida Consumer Collection Practices Act, Florida § 559 et. seq., ("FCCPA"), but denies any liability or wrongful conduct as alleged in paragraph 1 of Plaintiff's First Amended Complaint.

2.    The averments of paragraph 2 call for determinations of law and are denied as such.  ERSKINE & FLEISHER refers all questions of law to the Court.

1

    **3.**    The allegations in this paragraph are directed to co-Defendant, and ERSKINE & FLEISHER lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, therefore, denies these allegations.

    **4.**    ERSKINE & FLEISHER admits that at all times material to the allegations of Plaintiff's First Amended Complaint, it was acting as a law firm representing a client who was attempting to collect a valid and outstanding debt owed by the Plaintiff. Whether it is a debt collector as the term is defined by 15. U.S.C. §1692 is a question of law and is denied as such. ERSKINE & FLEISHER refers all questions of law to the Court. Unless otherwise admitted, ERSKINE & FLEISHER denies the allegations in this paragraph.

    5.    The averments of paragraph 5, including all subparts, call for determinations of law and are denied as such. ERSKINE & FLEISHER refers all questions of law to the Court. A factual basis for these conclusory allegations as to ERSKINE & FLEISHER is demanded of Plaintiff.

    6.    ERSKINE & FLEISHER admits that Plaintiff is an individual, but lacks sufficient information as to whether Plaintiff currently resides in Dade County, Florida, and therefore denies same and demands strict proof thereof. Whether Plaintiff is a consumer as the term is defined by 15. U.S.C. §1692 is a question of law and is denied as such. ERSKINE & FLEISHER refers all questions of law to the Court. A factual basis for these conclusory allegations as to ERSKINE & FLEISHER is demanded of Plaintiff.

    7.    A determination as to whether Plaintiff is an "individual consumer" as defined by the FDCPA calls for a determination of law and is denied as such. ERSKINE & FLEISHER refers all questions of law to the Court. ERSKINE & FLEISHER is without

sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 7 and therefore denies same and demands strict proof thereof. Further, ERSKINE & FLEISHER responds that it is Plaintiff's burden to show that the account was opened primarily for personal purposes and ERSKINE & FLEISHER demands proof of same.

8.      ERSKINE & FLEISHER admits that the lawsuit referenced in Paragraph 8 was filed in Miami-Dade County, Florida ("Miami-Dade County Lawsuit"). Unless otherwise admitted, ERSKINE & FLEISHER denies the allegations in this paragraph.

9.      ERSKINE & FLEISHER asserts that the pleadings and other papers filed in the Miami-Dade County Lawsuit speak for themselves. Unless otherwise admitted, ERSKINE & FLEISHER denies the allegations in this paragraph.

10.     ERSKINE & FLEISHER asserts that the pleadings and other papers filed in the Miami-Dade County Lawsuit speak for themselves. Unless otherwise admitted, ERSKINE & FLEISHER denies the allegations in this paragraph.

11.     ERSKINE & FLEISHER asserts that the pleadings and other papers filed in the Miami-Dade County Lawsuit speak for themselves. Unless otherwise admitted, ERSKINE & FLEISHER denies the allegations in this paragraph.

12.     ERSKINE & FLEISHER asserts that the pleadings and other papers filed in the Miami-Dade County Lawsuit speak for themselves. Unless otherwise admitted, ERSKINE & FLEISHER denies the allegations in this paragraph.

13.     ERSKINE & FLEISHER asserts that the pleadings and other papers filed in the Miami-Dade County Lawsuit speak for themselves. Unless otherwise admitted, ERSKINE & FLEISHER denies the allegations in this paragraph.

14. ERSKINE & FLEISHER asserts that the pleadings and other papers filed in the Miami-Dade County Lawsuit speak for themselves. Unless otherwise admitted, ERSKINE & FLEISHER denies the allegations in this paragraph.

15. ERSKINE & FLEISHER denies that it communicated directly with the Plaintiff with knowledge that she was represented by counsel and therefore demands strict proof thereof. ERSKINE & FLEISHER asserts that the pleadings and other papers filed in the Miami-Dade County Lawsuit speak for themselves. Unless otherwise admitted, ERSKINE & FLEISHER denies the allegations in this paragraph.

## COUNT ONE
## VIOLATION OF THE FDCPA – 15 U.S.C. §1692, ET. SEQ.
## BY DEFENDANT RESURGENT

16. No response is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph. To the extent that a response is required of ERSKINE & FLEISHER, ERSKINE & FLEISHER incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 15 as though fully set forth herein.

17. The allegations contained in Paragraph 17 are directed to other parties. Hence, no responsive pleading is required. To the extent that any of the allegations contained in this paragraph are directed toward ERSKINE & FLEISHER, ERSKINE & FLEISHER denies same and demands strict proof thereof.

18. The allegations contained in Paragraph 18 are directed to other parties. Hence, no responsive pleading is required. To the extent that any of the allegations contained in this paragraph are directed toward ERSKINE & FLEISHER, ERSKINE & FLEISHER denies same and demands strict proof thereof.

19.     The allegations contained in Paragraph 19 are directed to other parties. Hence, no responsive pleading is required. To the extent that any of the allegations contained in this paragraph are directed toward ERSKINE & FLEISHER, ERSKINE & FLEISHER denies its conduct violated the FDCPA and denies it was a direct or proximate cause of injury to Plaintiff, including out-of-pocket expenses, physical, emotional and mental pain and anguish or pecuniary loss, and denies liability or any damages that purportedly flow therefrom.  Strict proof of causation and damages purportedly arising as a result of the alleged violative conduct by ERSKINE & FLEISHER is demanded of Plaintiff.

Prayer for Relief is denied and strict proof is hereby demanded.

### COUNT TWO
### VIOLATION OF THE FCCPA
### BY DEFENDANT RESURGENT

20.     No response is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph.  To the extent that a response is required of ERSKINE & FLEISHER, ERSKINE & FLEISHER incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 15 as though fully set forth herein.

21.     The allegations contained in Paragraph 21 are directed to other parties. Hence, no responsive pleading is required. To the extent that any of the allegations contained in this paragraph is directed toward ERSKINE & FLEISHER, ERSKINE & FLEISHER denies same and demands strict proof thereof.

Prayer for Relief is denied and strict proof is hereby demanded.

## COUNT THREE
## VIOLATION OF THE FDCPA – BY ERSKINE & FLEISHER ERSKINE

22. No response is necessary as Plaintiff simply incorporates foregoing allegations in this paragraph. To the extent that a response is required of ERSKINE & FLEISHER, ERSKINE & FLEISHER incorporates its responses to the foregoing allegations asserted in paragraphs 1 through 15 as though fully set forth herein.

23. ERSKINE & FLEISHER denies the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint as phrased and therefore demands strict proof thereof.

24. ERSKINE & FLEISHER denies the allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint as phrased and therefore demands strict proof thereof.

25. ERSKINE & FLEISHER denies that its conduct violated the FDCPA and denies it was a direct or proximate cause of injury to Plaintiff, including out-of-pocket expenses, physical, emotional and mental pain and anguish or pecuniary loss, and denies liability or any damages that purportedly flow therefrom. Strict proof of causation and damages purportedly arising as a result of the alleged violative conduct by ERSKINE & FLEISHER is demanded of Plaintiff

Prayer for Relief is denied and strict proof is hereby demanded.

## JURY TRIAL DEMAND

Plaintiff's demand for a jury trial does not contain any allegations and therefore no response is required.

## GENERAL DENIAL

Unless specifically admitted herein, ERSKINE & FLEISHER deny all allegations

contained in Plaintiff's First Amended Complaint which purport that ERSKINE & FLEISHER violated the FDCPA or the FCCPA and demand strict proof thereof.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

ERSKINE & FLEISHER affirmatively asserts that Plaintiff has failed to state a viable claim under FDCPA under which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

ERSKINE & FLEISHER affirmatively asserts that if Plaintiff suffered injuries or damages, the same being fully denied, then said injuries or damages resulted from Plaintiff's comparative fault and/or resulted from the acts or omissions of third parties over whom ERSKINE & FLEISHER exercised no control and for whose conduct ERSKINE & FLEISHER are not responsible.  Therefore, actual damages incurred by Plaintiff, if any, should be reduced or allocated accordingly.

### THIRD AFFIRMATIVE DEFENSE

ERSKINE & FLEISHER affirmatively asserts that in the event Plaintiff is able to plead adequately an individual violation of the FDCPA, Plaintiff's entitlement to statutory damages is capped at $1,000 per action not per violation or per ERSKINE & FLEISHER.  *See Harper v. Better Business Services, Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992); *Goodmann v. People's Bank, et al.*, 2006 U.S. App LEXIS 31555 (3rd Cir. Dec. 21, 2006); *Brown v. Law Offices of Butterfield*, 2004 U.S. Dist. LEXIS 9822, *16 n8, Civil Action No. 03-CV-05850 (ED Pa., May 24, 2004); *Dowling v. Kucker Kraus & Bruh, LLP*, 2005 U.S. Dist. LEXIS 11000 (S.D.N.Y. 2005); *Mann v. Acclaim Fin. Servs.*, 348 F. Supp. 2d 923, 926 (SD. Ohio 2004); and *see Ganske v. Checkrite, Ltd.*, 1997

7

U.S. Dist. LEXIS 4345, 12-13 (D. Wis. 1997); *Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 650-51 (6th Cir. 1994); *Donahue v. NFS, Inc.*, 781 F. Supp. 188, 191 (W.D.N.Y. 1991); *Wiener v. Bloomfield*, 901 F. Supp. 771, 778 (S.D.N.Y. 1995); *Teng v. Metropolitan Retail Recovery*, 851 F. Supp. 61, 69 (E.D.N.Y. 1994); *Beattie v. D.M. Collections, Inc.*, 764 F. Supp. 925, 928 (D.Del. 1991); *Harvey v. United Adjusters*, 509 F. Supp. 1218, 1222 (D.Or. 1981).

## FOURTH AFFIRMATIVE DEFENSE

ERSKINE & FLEISHER affirmatively avers that even if ERSKINE & FLEISHER violated the FDCPA, which is denied, Plaintiff has incurred no actual damages including physical injury, pecuniary injury, dignitary injury, improper denial or loss of credit opportunities, injury to reputation, emotional distress, out-of-pocket harm, or other injuries justifying a claim for actual damages as a result of any conduct of ERSKINE & FLEISHER.

## FIFTH AFFIRMATIVE DEFENSE

ERSKINE & FLEISHER affirmatively avers that pursuant to 15 U.S.C. § 1692k to the extent that a violation is established, any such violation was not intentional and resulted from a *bona fide* error notwithstanding maintenance of procedures reasonably adopted to avoid such error.

## SIXTH AFFIRMATIVE DEFENSE

ERSKINE & FLEISHER affirmatively asserts that they are entitled to recover reasonable attorney's fees and costs under 15 U.S.C §1692k(a)(3), as this FDCPA action has been brought in bad faith or for the purpose of harassment, as Plaintiff, either

8

individually or through counsel, was aware that no *County* there was no substantive law in Florida which clearly supported Plaintiff's position that the *Miami-Dade Lawsuit* was time-barred debt and would subject the ERSKINE & FLEISHER to liability under the FDCPA.

## SEVENTH AFFIRMATIVE DEFENSE

ERSKINE & FLEISHER affirmatively avers that assuming that Plaintiff suffered any damages, which ERSKINE & FLEISHER deny, Plaintiff, either individually or through counsel, failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages by failing to place ERSKINE & FLEISHER on notice in the *Miami-Dade County Lawsui*t that he was represented by an attorney.

## EIGHTH AFFIRMATIVE DEFENSE

ERSKINE & FLEISHER affirmatively asserts, without admitting any liability whatsoever, that it is entitled to immunity from liability under the FDCPA for all actions taken during the course of litigation in furtherance of its ethical obligations to and their zealous advocacy on behalf of their clients.  *See Taylor v. Luper, Sheriff & Niedenthal Co., LPA.*, 74 F. Supp.2d 1283 (S.D. Ohio 1999); *Jerman v. Carlisle, McNeallie, Rini, Kramer & Ulrich, L.P.A.* , 528 Fed. 3d. 469 (6th C. A. 2008); *McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 1268  (M.D.Fla. 2008); *See also* the Florida Rules of Professional Conduct 4-3.1 Meritorious Claims and Contentions.

## NINTH AFFIRMATIVE DEFENSE

ERSKINE & FLEISHER affirmatively avers that Plaintiff claims are barred, in whole or in part by waiver, equitable estoppel and/or unclean hands as prior to the filing of this action,  Plaintiff, either individually or through counsel, failed to provide ERSKINE

& FLEISHER notice that Plaintiff was represented by counsel in the Miami-Dade County Lawsuit prior to July 15, 2009.  A review of the court record in the Miami-Dade County Lawsuit reveals that Plaintiff's attorney had never sent to ERSKINE & FLEISHER the Notice of Appearance or Motion to Vacate the Default. Instead Plaintiff's counsel sent it to another attorney at a different address.

### TENTH AFFIRMATIVE DEFENSE

ERSKINE & FLEISHER affirmatively asserts that the finding of liability under the FDCPA for their actions as same pertains to their representation and advocacy of their clients would violate ERSKINE & FLEISHER due process right to earn a living.  *See* Fla. Const. art. I, §2.

### ELEVENTH AFFIRMATIVE DEFENSE

ERSKINE & FLEISHER affirmatively asserts that to the extent that Plaintiff seeks equitable relief, it is not entitled to such recovery under the FDCPA.

### TWELFTH AFFIRMATIVE DEFENSE

ERSKINE & FLEISHER affirmatively asserts that if it violated any portion of the FDCPA, which it denies, such violation may only be a result of good faith reliance on representations made by their clients.

THIRTEENTH AFFIRMATIVE DEFENSE

ERSKINE & FLEISHER affirmatively avers that Plaintiff's FDCPA claims are barred, in whole or in part, because it is based on false and/or fraudulent representations regarding providing notice of representation by counsel and regarding pleadings filed in the Miami-Dade County Lawsuit.

FOURTEENTH AFFIRMATIVE DEFENSE

ERSKINE & FLEISHER affirmatively asserts any and all defenses available to it under relevant provisions of the FDCPA or any other federal or state law which forms the basis of Plaintiff's claims.

WHEREFORE, ERSKINE & FLEISHER respectfully requests that this Honorable Court dismiss Plaintiff's FDCPA claims as to ERSKINE & FLEISHER, strike Plaintiff's claim for punitive damages under the FCCPA, and dismiss Plaintiff's FDCPA and FCCPA claims as to ERSKINE & FLEISHER, Resurgent Capital Services, LP. Additionally, ERSKINE & FLEISHER requests that this Court find that Plaintiff's FDCPA claims have been brought in bad faith and for the purposes of harassing ERSKINE & FLEISHER and to award reasonable attorneys' fees and costs to ERSKINE & FLEISHER pursuant to 15 U.S.C §1692k(a)(3).

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
**COLEMAN & GOGGIN**
Attorney for ERSKINE & FLEISHER
1 East Broward Boulevard, Suite 500
Ft. Lauderdale, Florida 33301
Telephone: (954) 847-4920
Facsimile:  (954) 627-6640
mtbell@mdwcg.com

/s/Michelle Bell
Michelle T. Bell
Florida Bar No. 467324

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 9, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>VIA CM/ECF</u>
Paul A Herman, Esquire
20423 State Road 7
Ste F6-477
Boca Raton, Florida 334986797
Counsel for Plaintiff

                                                /s/Michelle T. Bell
                                                Michelle T. Bell